# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT L. JACKSON,

                  Petitioner,

v.                                          Case No. 13-CV-818-JPS

UNITED STATES OF AMERICA,

                  Respondent.                        **ORDER**

       Robert L. Jackson pled guilty to one count of armed robbery (Count Three) and one count of use of a firearm during commission of a crime of violence (Count Four). (Case No. 08-CR-145, E.D. Wis., Docket #33). The Court sentenced him on June 11, 2009. (Case No. 08-CR-145, E.D. Wis., Docket #50). In doing so, it imposed an 84-month mandatory minimum on Count Four. (Case No. 08-CR-145, E.D. Wis., Docket #50). That mandatory minimum sentence resulted from the fact that Mr. Jackson admitted, in his plea agreement, that he "brandished a firearm," which he used during the commission of the robbery to keep the bank's employees under control. (Case No. 08-CR-145, E.D. Wis., Docket #31, at ¶ 5 and Attachment A).

       On July 19, 2013, Mr. Jackson filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that the Court would have imposed a lower sentence of sixty months had it not found that Mr. Jackson brandished the firearm. (Docket #1). Mr. Jackson bases his claim for relief on two separate arguments. First, he argues that his counsel did not heed his wishes to have the brandishing language removed from the plea agreement. (Docket #1, at 4, 14). Second, he argues that he did not plead

guilty to the brandishing charge, but instead pleaded guilty only to "use" or "possession" of a firearm during commission of a crime of violence. (Docket #1, at 5, 15).

The Court screened Mr. Jackson's motion, and found that the motion may be time-barred under Section 2255. Section 2255 imposes a one-year limitation on the filing of a motion to vacate, set aside, or correct a sentence. Thus, any such motion must be made within one year of the date on which the petitioner's judgment of conviction became final.

As such, it would seem that Mr. Jackson's motion is untimely, here. He was sentenced in mid-June of 2009 and never took a direct appeal to the Seventh Circuit. Therefore, his conviction became final upon the expiration of the period for taking a direct appeal under Fed. R. App. P. 4(b)(1)(A)(i), approximately in mid-summer of 2009. The limitations period seemingly expired one year later in mid-summer of 2010, making the motion at hand untimely.

However, as the Court noted in its screening order, Mr. Jackson's motion would not be time-barred if, in it, he asserts a right that is "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In such a case, the one-year statute of limitations period would run from the date that the Supreme Court recognized the right. 28 U.S.C. § 2255(f)(3).

Mr. Jackson argues that the Supreme Court recognized a new right in its recent decision in *Alleyne v. United States*, --- U.S. ----, 133 S. Ct. 2151, which was decided in June of this year. Accordingly, if the Court finds that the Supreme Court did, indeed, actually recognize a new right and make it

retroactively applicable on collateral review, then the Court may conclude that Mr. Jackson's motion is not time-barred.

Setting aside the fact that *Alleyne*'s connection to this case may be somewhat tenuous, and given the recency of the decision, the Court believed it wise to allow the Government an opportunity to address the statute of limitations issue, and directed the Government to file a brief on the topic. (Docket #6). After a delay, the Government filed its brief on the issue on September 16, 2013, stating its belief that the Court should dismiss Mr. Jackson's motion as time-barred.

The Court has reviewed the Government's submission and agrees that the Supreme Court's decision in *Alleyne* does not entitle Mr. Jackson to an extension of the limitations period. 28 U.S.C. § 2255(f)(3)'s extension of the date on which the limitations period begins to run will apply only if the Supreme Court has "newly recognized" a right that it made "retroactively applicable to cases on collateral review." The Seventh Circuit has recently noted that *Alleyne*'s new rule likely is not retroactively applicable. *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). The Seventh Circuit, in *Simpson*, noted that *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, which has been held not to apply retroactively on collateral review in other circumstances. *Simpson*, 721 F.3d at 876 (citing *Schriro v. Summerlin*, 542 U.S. 348 (2004). The Seventh Circuit noted that "[t]his implies that the [Supreme] Court will not declare *Alleyne* to be retroactive." *Simpson*, 721 F.3d at 876 (citing *Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002)). On that basis, the Seventh Circuit held that "[u]nless the Justices themselves decide that *Alleyne* applies retroactively on collateral review," the Seventh Circuit

cannot authorize a successive collateral attack based on 28 U.S.C. § 2255(h)(2). *Simpson*, 721 F.3d at 876. Several other district courts in the Seventh Circuit have aligned themselves with that holding, taking it to mean that 28 U.S.C. § 2255 is not retroactive. *See, e.g.*, *Blair v. United States*, No. 13-CV-921, 2013 WL 4836774 (S.D. Ill. Sept. 10, 2013); *United States v. Hayden*, No. 07-CR-68, 2013 WL 4647220 (N.D. Ind. Aug. 29, 2013); *Lewis v. United States*, No. 11-CV-2012, 2013 WL 4010301 (C.D. Ill. Aug. 5, 2013); *Williams v. United States*, 13-CV-00226, 2013 WL 3819676 (S.D. Ill. July 23, 2013). Applying the same logic to 28 U.S.C. § 2255(f)(3)'s extension of the statute of limitations start date, we must conclude that, because the Seventh Circuit does not believe *Alleyne*'s holding to be retroactive, 28 U.S.C. § 2255(f)(3)'s extension does not apply.

Because that extension does not apply—and the Court cannot find that any of 28 U.S.C. § 2255(f)'s other start-date extensions apply either, as Mr. Jackson has not asserted that any impediment to his filing this claim has been lifted and his assertion that new facts have been discovered is totally unsupported by any evidence—the standard start date applies. Accordingly, as discussed above, the Court concludes that Mr. Jackson's motion is indeed time-barred.

There is, however, one additional exception that may apply to extend the statute of limitations period. Mr. Jackson argues in his motion that it should be deemed timely because he is factually innocent. (Docket #1, at 12). The Supreme Court recently held that a credible showing of actual innocence will allow a federal court to disregard the one-year limitations period found in the American Effective Death Penalty Act (AEDPA), which includes 28
Page 4 of 7

U.S.C. § 2255. *McQuiggin v. Perkins*, --- U.S. ----, 133 S. Ct. 1924, 1931–32 (May 28, 2013). However, even assuming that *McQuiggin* creates an actual innocence "gateway" through which an otherwise untimely 28 U.S.C. § 2255 claim could pass, the Court cannot possibly find such circumstance applicable to this case. Mr. Jackson pleaded guilty to the charges he was ultimately sentenced to. His guilty plea even included the word "brandishing" and referenced the fact that Mr. Jackson used a gun to control bank tellers during the commission of his crime. Mr. Jackson then affirmed these facts under oath during his plea colloquy. Other district courts have held that such admissions disclose petitioners from arguing actual innocence to extend a time period under *McQuiggin*. *Sidener v. United States*, No. 11-CV-3085, 2013 WL 4041375 (C.D. Ill. Aug. 8, 2013); *United States v. Cunningham*, 2013 WL 3899335 (S. D. Tex. July 27, 2013). This Court agrees: it was clear in the plea agreement that Mr. Jackson admitted to brandishing the firearm, and he affirmed that fact in the plea colloquy. Setting aside the fact that Mr. Jackson has not even begun to make a credible showing that he is actually innocent of the crime for which he was sentenced, it is disingenuous for him to now to argue actual innocence after he admitted and acknowledged under oath the facts supporting his conviction. Accordingly, the Court is obliged to hold that Mr. Jackson's motion does not slip through *McQuiggin*'s actual innocence gateway.

Having determined that neither 28 U.S.C. § 2255(f)'s exceptional circumstances nor *McQuiggin* applies to extend the statute of limitations applicable to Mr. Jackson's motion, the Court is left to conclude that the standard one-year limitations period applies to his claim. That period expired

in 2010, making Mr. Jackson's claim untimely and stripping this Court of jurisdiction over it. The Court is therefore obliged to deny his motion for relief and dismiss this case as barred by 28 U.S.C. § 2255(f)(1)'s one-year statute of limitations period.

Rule 11 of the Rules Governing Section 2255 Proceedings requires that the Court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In a case like this, in which the Court has rejected a petitioner's constitutional claims on procedural grounds, the Court should not issue a certificate of appealability unless the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the petition the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court notes first that no reasonable jurist would find that Mr. Jackson has stated a valid claim of the denial of a constitutional right. Both of his claims, relating to his counsel's failure to get the brandishing-related language removed from the plea agreement and to his argument that he did not actually brandish the firearm, fail because he acknowledged under oath that he had read the plea agreement. Therefore, at the very least, he should have been aware that his counsel did not succeed in scrubbing the brandishing language from the plea agreement and should have rejected the plea if he believed he did not actually brandish the firearm. Second, the Court notes that no reasonable jurist would find the Court's procedural ruling debatable. The Court's analysis of both the *Alleyne* and *McQuiggin* issues have been discussed by other district courts, which have reached consistent conclusions.

*See, e.g.*, on the *Alleyne* issue, *Blair*, 2013 WL 4836774; *Hayden*, 2013 WL 4647220; *Lewis*, 2013 WL 4010301; *Williams*, 2013 WL 3819676. *See, e.g.*, on the *McQuiggin* issue, *Sidener*, 2013 WL 4041375; *Cunningham,* 2013 WL 3899335. The Court, therefore, is obliged to deny a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Mr. Jackson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket #1) be and the same is hereby **DENIED**, and this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability as to Mr. Jackson's motion be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2013.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 7 of 7

Case 2:13-cv-00818-JPS   Filed 09/18/13   Page 7 of 7   Document 10